**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-mj-00066-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JUSTIN BOWEN NEISLER,

    Defendant.

_____

**ORDER OF DETENTION**
_____

THIS MATTER came before me for a detention hearing on March 26, 2019. The government requested detention in this case. The defendant contested the request for detention. Both sides presented argument. I have considered the Pretrial Services Report, arguments of counsel and the entire docket.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense proscribed by 18 U.S.C. § 3142(e)(3), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the

community. The defendant has been charged after a probable cause finding with a violation of the 18 U.S.C. § 2252A(a)(1). As a result, the presumption applies. 18 U.S.C. § 3142(e)(3)(E).

The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community. *See United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

>    (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant is charged with knowingly transporting child pornography in interstate commerce. The investigating agent testified that the defendant repeatedly posted child pornography to Tumblr accounts that linked back to the defendant. After a Tumblr account would get shut down, the defendant would open a new account and resume posting child pornography. Upon execution of a search warrant on the defendant's residence, agents interviewed the defendant. The defendant, a doctor, admitted to surreptitiously videotaping naked males as young as eleven years old during physical examinations. According to the agent, a review of these videos reflected that the defendant appeared to gain sexual gratification from the examinations. The current charges carry a five-year mandatory minimum penalty, and the government indicated it may be filing additional charges. Based on these facts, the Court finds by a preponderance of the evidence that there are no conditions or combination of conditions that the Court can impose to assure the defendant's presence at future court dates. The Court further concludes by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. Accordingly,

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: March 26, 2019

BY THE COURT:

s/ Scott T. Varholak
Scott T. Varholak
United States Magistrate Judge